UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO,　)<br>SECRETARY OF LABOR,　)<br>UNITED STATES DEPT. OF LABOR,　)<br>　)<br>　Plaintiff,　)<br>　)<br>　vs.　)<br>　)<br>CCC&C, INC. and WILLIE C. CARTER,　)<br>　)<br>　Defendants.　) | Case No. 4:05CV597SNL |

## MEMORANDUM

Plaintiff (hereinafter referred to as the Government) has filed this Fair Labor Standards Act, 29 U.S.C. §201 *et.seq.*, action alleging that defendants have violated Section 15(a)(2) of the FLSA by presently owing back wages to five employees[1]. This matter is before the Court on the Government's motion for summary judgment (#11), filed November 15, 2005. As of today's date, neither of the defendants has filed a response. This cause of action is set for a bench trial on the Court's docket of February 21, 2006.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really

---

[1] Robert Coleman, Patricia Rodgers, Candace Gladney, Oddie Powell, and Joe Rice.

do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Citrate, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976).

The pertinent facts as presented by the Government are as follows: Defendant Willie Carter is the owner and vice-president of defendant CCC&C, Inc.[2] Defendant Carter managed

---

[2] The pertinent facts as set forth above are taken from the Government's Statement of Uncontroverted Material Facts filed as an attachment to its Memorandum in Support of Motion for Summary Judgment (#12), filed November 15, 2005.

day-to-day operations of defendant CCC&C, including personnel matters involving wages, from April 1, 2002 to the present.

An investigation of CCC&C by the Wage Hour Division of the United States Department of Labor revealed that $13,944.32 in back wages were due to thirty-eighth (38) current and/or former employees of CCC&C for employment in 2001, 2002, and 2003 as set forth on the Summary of Unpaid Wages Form WH-56. Defendant Carter signed the Form WH-56 on behalf of defendant CCC&C and agreed to pay the due and owing back wages to the identified 38 employees by June 30, 2004. Of these 38 employees, five (5) are identified by the Government as still being owed back wages pursuant to the subject Form WH-56.

The following employees were owed said gross amount of back wages:

> Robert Coleman: $8431.69 for the period of May 17, 2002 through October 17, 2003.
> Patricia Rodgers: $2970.19 for the period of December 28, 2001 through July 11, 2003.
> Oddie Powell: $105.58 for the date of September 6, 2002.
> Candace Gladney: $49.96 for the date of February 8, 2002.
> Joe Rice: $36.00 for the date of April 4, 2003.

The total amount of gross wages owed to these 5 employees is $$8893.42.

On June 30, 2004 defendant Carter accompanied Robert Coleman to the Spanish Lake, Missouri branch of U.S. Bank wherein they met with an U.S. Bank officer and U.S. Bank cashed a check (Check No. 4549) made out to Mr. Coleman for $8431.69. After the check was cashed, defendant Carter gave Mr. Coleman $2000.00 in cash from the proceeds of Check No. 4549 and deposited the remaining $6431.69 in defendant CCC&C's checking account (Account No. 1600519175) at U.S. Bank.

On July 2, 2004 defendant Carter accompanied Patricia Rodgers to U.S. Bank wherein they met with an U.S. Bank officer and U.S. Bank cashed a check (Check No. 4544) made out to

Ms. Rodgers for $2970.19. After the check was cashed, defendant Carter gave Ms. Rodgers $700.00 in cash.[3]

Other than the payments of $2000.00 and $700.00 in cash to Mr. Coleman and Ms. Rodgers, respectively; neither of these two (2) employees have received further payments of back wages due and owing.

The Government seeks back wages due and owing, an equal amount of liquidated damages, and a prospective injunction to ensure Carter and CCC&C, Inc.'s future compliance with the FLSA.

The Court has reviewed the legal memorandum, affidavits and exhibits submitted by the Government in support of its motion for summary judgment. The Government has met its initial burden to demonstrate that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, 368 U.S. 464, 467 (1962). Once the Government met its burden, the burden shifted to the defendants to "set forth affirmative evidence, specific facts, showing that there [was] a genuine dispute on [those] issue[s]." City of Mt. Pleasant v. Associated Electric Coop., 838 F.2d. 268, 274 (8th Cir. 1988). Since the defendants have failed to oppose the Government's motion, the Court accepts the Government's account of the facts and now will apply the relevant law.

It is clearly undisputed that the back wages as set forth by the Government in its motion and submitted exhibits in support are due and owing to Robert Coleman, Patricia Rodgers,

---

[3] It is unclear as to whether the remainder of the cashed check was deposited in defendant CCC&C's checking account as was done in the case of Robert Coleman or remained in the possession of defendant Carter.

Candace Gladney, Oddie Powell, and Joe Rice[4]. It is further undisputed that defendants engaged in a kickback scheme as to Mr. Coleman and Ms. Rodgers. The Government is entitled to recover back wages, as well as those wages withheld in a kickback scheme. *See*, Donovan v. Crisostomo, 689 F.2d. 869 (9th Cir. 1982); United States v. Pintar, 630 F.2d. 1270, 1287 (8th Cir. 1980). The acts by the defendants in violating the FLSA, agreeing to remedy the violations by paying all due and owing back wages (as required by the FLSA), then purposefully engaging in a kickback scheme amounts to a fraud. Pintar, at 1287.

Furthermore, the Court concurs with the Government that the five (5) identified employees are entitled to liquidated damages under the circumstances of this case and in accordance with cited caselaw. Furthermore, the Court concurs with the Government that defendant Willie Carter is individually liable as an employer (as that term is defined and interpreted under the FLSA) under the circumstances of this case and in accordance with the cited caselaw. Finally, the Court concurs with the Government that the actions of defendants Carter and CCC&C, Inc. warrant prospective injunctive relief to ensure future compliance with the FLSA under the circumstances of this case and in accordance with the cited caselaw.

Accordingly, the Court will direct defendants Carter and CCC&C, Inc., jointly and severally, to pay all back wages due and owing, plus liquidated damages. In addition, the Court will enjoin defendants Carter and CCC&C from engaging in any further conduct which violates any provision of the FLSA, especially as regards the payment of back wages. Finally, the Court will award the Government its costs in litigating this matter.

---

[4]The Government avers that Mr. Rice is now deceased and the back wages are in reality owed to his estate.

Dated this  19th   day of December, 2005.

                                                       /s/ Stephen N. Limbaugh
                                                    SENIOR UNITED STATES DISTRICT JUDGE